PEOPLE *v.* BOWER.

1. CRIMINAL LAW—WARRANT—SUBSEQUENT PROCEEDINGS.

   Warrant as issued controlled character of subsequent proceedings, where prosecutor requested warrant for felony and warrant was issued for a misdemeanor included offense (CL 1948, § 764.1).

2. SAME—WARRANT—INCLUDED OFFENSES.

   Warrant is effective to charge a misdemeanor when it is so worded as to charge a misdemeanor which is an included offense in a felony, and is so taken by municipal judge, although intended by prosecutor to charge the felony (CL 1948, § 764.1).

3. SAME—MUNICIPAL COURTS—JURISDICTION—PLEA OF GUILTY.

   Municipal court has no authority to set aside proceedings *sua sponte* when defendant pleaded guilty to crime within municipal court's jurisdiction, plea was accepted, and sentence imposed.

4. SAME—OFFENSE—DEGREES—TRIAL FOR DIFFERENT DEGREES.

   A defendant once validly convicted of an offense having different degrees cannot thereafter be tried for a different degree of the same offense (CL 1948, § 768.33).

5. SAME—CONVICTION OF INCLUDED OFFENSES—DOUBLE JEOPARDY.

   Trial in circuit court for felony of larceny in a building after valid conviction in municipal court of included offense of simple larceny put defendant twice in jeopardy for same offense (US Const, Ams 5, 14, Mich Const 1963, art 1, § 15).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arrest §§ 7, 8.
[3] 21 Am Jur 2d, Criminal Law §§ 495, 569.
[4] 21 Am Jur 2d, Criminal Law §§ 185, 187.
[5] 21 Am Jur 2d, Criminal Law § 185.
Conviction of lesser offense as bar to prosecution for greater on new trial. 61 ALR2d 1141.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted Division 3 March 9, 1966, at Grand Rapids. (Docket No. 1,139.) Decided May 23, 1966. Opinion filed June 28, 1966.

David Gordon Bower pleaded guilty in Kalamazoo municipal court to a complaint charging simple larceny. Thereafter the municipal judge set aside the sentence and the defendant was rearraigned on the same warrant and bound over to circuit court for trial for the crime of larceny in a building. Defendant pleaded guilty in circuit court to an information charging larceny in a building and was sentenced. Thereafter defendant moved, by delayed motion, to set aside conviction and vacate sentence. Motion denied. Defendant appeals. Reversed, and conviction and sentence of circuit court set aside.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, *James W. Smith,* Assistant Prosecuting Attorney, for the people.

*Richard D. Reed,* for defendant.

J. H. Gillis, J. On May 4, 1964, the prosecuting attorney of Kalamazoo county recommended that a warrant be issued against the defendant, David Gordon Bower, charging him with committing larceny in a building. CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592). The same day, acting upon this recommendation, the municipal judge for the city of Kalamazoo issued a warrant charging that:

"David George Bower[1] did then and there commit the crime of larceny by stealing $20 in currency and

_____
[1] Papers filed later indicate defendant's name is David Gordon Bower.

change of the goods, chattels and property of North Eastern Junior High School in the school of North Eastern Junior High * * *."

The 17-year-old defendant was brought before the municipal judge and after being informed of "his rights in the premises"[2] pleaded guilty. The municipal judge accepted his plea and forthwith sentenced the defendant to serve 60 days in the county jail. On May 12, 1964, the sentence was set aside[3] and the defendant was rearraigned on the *same* warrant and bound over to circuit court for trial on a charge of larceny in a building. On August 24, 1964, the defendant appeared in circuit court with court-appointed counsel, pleaded guilty[4] to the information and subsequently was sentenced to serve 2 1/2 to 4 years in prison.

Defendant filed a delayed motion to set aside the conviction and vacate the sentence alleging, first, that the municipal court had lost the power to bind the defendant over to circuit court inasmuch as the municipal court had already accepted his plea to a misdemeanor and had sentenced him therefor; and, second, that the circuit court conviction had violated the defendant's rights under the 5th amendment to the Constitution of the United States and under article 1, § 15, of the 1963 Michigan Constitution. The circuit judge's opinion denying the defendant's motion stated:

---

[2] This phrase was taken from the judge's return filed in the circuit court.

[3] The associate municipal judge's return to the circuit court contained the following notation: "5-12-64 It being made to appear to the court that plea was received and sentence imposed in error—the sentence is hereby set aside and defendant being rearraigned, waived examination."

[4] Although not raised on appeal, the transcript in this case shows that the defendant was not advised of the consequences of his plea as required by GCR 1963, 785.3(2). See *People* v. *Atkins* (1966), 2 Mich App 199, 203.

"The charge upon which the defendant was arraigned before the magistrate, was in fact a felony and was, therefore, an offense 'not cognizable by a justice of the peace.' The prosecutor, under the authority of CL 1948, § 764.1 (Stat Ann 1954 Rev § 28.860), had issued an order for a complaint and warrant and the order specifically authorizes the complaint for a felony. As has already been indicated, the complaint and warrant charged a felony."

We cannot agree with this analysis. True, the recommendation of the prosecutor clearly sought a warrant for larceny in a building correctly reciting the statute. But it is the warrant and not the recommendation to which a defendant pleads. The warrant charged the crime of simple larceny. Whether it also charged larceny in a building is irrelevant since simple larceny is an included offense. We note that the fact that the larceny was committed "in a school," an element of the felony, is not alleged in the portion of the warrant stating the crime but appears later after the language identifying the owner of the property. If the carelessly worded warrant led the municipal judge to believe that *only* simple larceny was involved, we can attribute no greater understanding to this 17-year-old defendant who was unrepresented by counsel when his original plea was accepted.

Defendant's plea, therefore, was to a crime within the municipal judge's jurisdiction. Once it was accepted and sentence imposed the municipal judge had no authority to set it aside *sua sponte*. Having been used to obtain the conviction and sentence of the defendant for simple larceny, the warrant could not be retooled and be made the basis of a felony prosecution in circuit court. All proceedings in the circuit court were a nullity. A defendant once convicted of an offense consisting of different degrees cannot thereafter be tried for a different degree of

the same offense. CL 1948, § 768.33 (Stat Ann 1954 Rev § 28.1056).

There is yet another compelling reason why this Court should set aside the conviction. The defendant has been subjected to two trials for the same offense in violation of article 1, § 15, of the Michigan Constitution of 1963. We hold that this was likewise a violation of the double jeopardy provisions of the 5th amendment to the Constitution of the United States, made applicable to the States by the due process clause of the 14th amendment. *United States, ex rel., Hetenyi*, v. *Wilkins* (CCA 2, 1965), 348 F2d 844, certiorari denied *sub nom Mancusi* v. *Hetenyi* (1966), 383 US 913 (86 S Ct 896, 15 L ed 2d 667).

The double jeopardy issue was not raised by the defendant's counsel prior to the taking of the plea in the circuit court. But in *Henry* v. *Mississippi* (1965), 379 US 443 (85 S Ct 564, 13 L ed 2d 408), the United States Supreme Court announced that it would not find a waiver of a Federal constitutional right solely because of a defendant's counsel's procedural default in timely raising the question. Now we do not intend this opinion to go beyond *Henry, supra,* but feel constrained to follow that case inasmuch as a Federal constitutional right is involved. Since the proceedings in circuit court terminated in a plea, there can be no question of a waiver based upon "deliberate choice of strategy." Under the circumstances, absent a deliberate act of the defendant, the procedural default in failing to raise the issue of former jeopardy at the proper time does not result in the waiver of this right.

Reversed. The conviction and sentence of the circuit court are set aside.

FITZGERALD, P. J. and BURNS, J., concurred.