PEOPLE *v.* COLLINS.

1. CRIMINAL LAW—COURT RULES—MANDATORY PROCEDURE—ARRAIGN-
MENT AND SENTENCE.

Claim by defendant, convicted on a plea of guilty to assault
with intent to rob and steal being armed, that he was enti-
tled to a new trial for failure of the trial court to comply
with the applicable court rule requiring that, upon entry
of a plea of guilty, the court determine whether such plea
was the result of undue influence *held,* without merit, where
an examination of the record reveals that the trial judge, after
entry of said plea of guilty, conducted an examination which
fully satisfied the letter of the law and went beyond the spirit
of the law (CL 1948, § 768.35; GCR 1963, 785.3).

2. SAME—SENTENCE—PLEA OF GUILTY.

Claim by defendant, who pled guilty to a charge of assault
with intent to rob and steal being armed following the grant
of a new trial from a prior conviction, on a plea of guilty,
to robbery armed, that the trial court committed reversible
error by imposing a sentence requiring the same term of im-
prisonment as the sentence previously imposed upon his con-
viction for the greater offense of robbery armed *held,* not to
warrant consideration by the Court of Appeals of claim that
he had saved the expense of a trial by his plea of guilty (CL
1948, § 750.89; CLS 1961, § 750.529).

Appeal from Recorder's Court of Detroit; Bren-
nan (Vincent J.), J. Submitted Division 1 March 8,
1967, at Detroit. (Docket No. 2,433.) Decided July
20, 1967.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 485 *et seq.*

Edward Collins was convicted on a plea of guilty of assault with intent to rob and steal being armed. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant.

LESINSKI, C. J. The defendant, Edward Collins, pled guilty to robbery armed, CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797), and on September 17, 1964, was sentenced to 15 to 30 years in prison. On application of the defendant as an indigent, the court appointed counsel to represent him in postconviction proceedings, which resulted in a new trial. At the new trial, January 20, 1966, the defendant waived a jury trial and pled guilty to assault with intent to rob and steal while being armed, CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284). The plea was accepted and defendant was again sentenced to a term of 15 to 30 years. The present appeal followed.

Defendant alleges on appeal that the record fails to demonstrate that his plea of guilty was not the result of undue influence or that it was understandingly made in conformity with GCR 1963, 785.3, and the applicable statutory provision,[*] and that the sentence he received was excessive in view of the expense of trial he saved the State by his plea of guilty.

This Court finds defendant's assignments of error to be without merit. A reading of the transcript of

---

[*] CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058).

the plea reveals that the trial judge was exhaustive in his attempts to ascertain whether the accused's plea of guilty was made freely and understandingly. This is evidenced by the following exchanges:

"*The Court.* Mr. Collins, you have heard your attorney, Mr. Stone, indicate to the court that at this time you wish to withdraw your plea of not guilty to the charge in the information, and enter a plea of guilty to the included offense of assault with intent to rob while being armed, is that correct?

"*Defendant Collins.* Correct, Your Honor.

"*The Court.* Now, you are pleading guilty to that offense because you are in fact guilty?

"*Defendant Collins.* Yes, sir, Your Honor.

"*The Court.* Has anybody threatened you or made you any promises of any kind to have you plead guilty?

"*Defendant Collins.* No, Your Honor.

"*The Court.* You plead guilty then freely and voluntarily?

"*Defendant Collins.* Yes sir.

"*The Court.* You understand that the offense that you are pleading guilty to carries a penalty of a term of imprisonment of any number of years up to life?

"*Defendant Collins.* I do.

"*The Court.* And you also understand that you have a right to trial by jury in this matter, and that the people must prove beyond all reasonable doubt the elements of this offense?

"*Defendant Collins.* I do, Your Honor.

"*The Court.* Do you understand, also, that you have a right to a trial by the court without a jury, and that the people must also prove beyond all reasonable doubt the elements of this offense; do you understand that?

"*Defendant Collins.* I do understand that. * * *

"*The Court.* And notwithstanding that, at this time you wish to waive those rights?

"*Defendant Collins.* Yep. * * *

*"The Court.* All right. Mr. Collins, now you have heard the officer relate to the court the facts that the people would have to prove beyond all reasonable doubt before a verdict of guilty could be sustained to the offense to which you are pleading guilty to; that is assault with intent to rob while being armed. Are these the facts that you are pleading guilty to?

*"Defendant Collins.* Yes, sir, Your Honor."

From the manner in which the trial judge proceeded, the questions he asked and the answers he elicited, it cannot be said that the inquiry was susceptible to any of the abuses the defendant alleges. In the language of *People* v. *Kearns* (1965), 2 Mich App 60, 64:

"Yet in this case the examination goes beyond the spirit of the law and does in fact satisfy the letter of the law."

As to defendant's allegation that his sentence was excessive considering he saved the State the expense of trial by his plea of guilty, it does not warrant this Court's treatment of the matter except to indicate it was raised.

Affirmed.

J. H. GILLIS and LEVIN, JJ., concurred.