## PEOPLE *v.* GARCIA

1. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—HOMICIDE—MURDER—
   MANSLAUGHTER—PLEA OF GUILTY—VACATION.
   The doctrine of double jeopardy does not prevent a defendant
   from being tried for murder after he has pleaded guilty to
   manslaughter when he has successfully moved that his guilty
   plea of manslaughter be vacated because a defendant must
   accept any disadvantages that may accrue from having that
   plea set aside.

2. CRIMINAL LAW—HOMICIDE—VACATION OF PLEA.
   Vacation of a plea of guilty of the included offense of man-
   slaughter by one originally charged with murder leaves the
   case as it was before his plea of guilty was accepted, that
   is, the defendant stands charged with murder.

3. EVIDENCE—RES GESTAE STATEMENTS—HEARSAY.
   Oral statements "He is going out the back door now," and "I
   am the one he shot at," which were made moments after a
   shooting, were part of the *res gestae* and in the nature of
   spontaneous, excited utterances, hence were properly admitted
   in trial for murder.

Appeal from Kent, Claude Vander Ploeg, J. Sub-
mitted Division 3 June 5, 1969, at Grand Rapids.
(Docket No. 5,969.) Decided October 2, 1969. Leave
to appeal denied January 23, 1970. See 383 Mich
761.

Anastacio Garcia, Jr., was convicted of second-
degree murder. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 165 *et seq.*
[2]  21 Am Jur 2d, Criminal Law § 504.
[3]  29 Am Jur 2d, Evidence § 708 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Robert J. Stephan,* Assistant Prosecuting Attorney, for the people.

*L. Roland Roegge,* for defendant.

Before: J. H. Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ.

R. B. Burns, J. Bert Crandall was shot and killed in a Grand Rapids bar. Defendant Anastacio Garcia, Jr., was arraigned on an open charge of murder (MCLA § 767.71 [Stat Ann 1954 Rev § 28.1011]); he stood mute, and a plea of not guilty was entered. At a rearraignment he pled guilty to the lesser included offense of manslaughter and subsequently was sentenced to 7–1/2 to 15 years in prison. Later, on defendant's motion, the plea was vacated and a trial ordered for the reason that because of language difficulties Garcia was not fully aware of his constitutional rights when he made the plea of guilty. He was tried by jury on the open charge of murder, found guilty of second-degree murder, and sentenced to prison for 10 to 25 years.

On appeal defendant's primary contention is that the doctrine of double jeopardy should have prevented his trial for anything more than manslaughter because the acceptance of his guilty plea to that offense operated as an acquittal of the greater offense of murder.

A particularly apt response to defendant's contention is found in *State* v. *Stacy* (1953), 43 Wash 2d 358, 368, 369 (261 P2d 400, 405, 406):

"Finally, it appears to us that the change of plea by the appellant and the dismissal of the kidnapping

charge by the state are inextricably bound up in one and the same transaction; and that, in benefiting from setting the arrangement at naught, the appellant must accept the burden of any disadvantages that may accrue from setting it aside. Under the circumstances here, this is fair play and justice to the appellant as well as to society. In other words, in according the appellant the right to plead not guilty and to have his case passed on by a jury, we think it is quite reasonable and not unfair to him for the state to have a somewhat comparable or resulting right to press the kidnapping charge again, as well as the assault charge, and to have a jury pass upon the question of appellant's guilt or innocence. The end result of this is that the appellant will have an opportunity to start all over in defending himself against the state's charges. We see no valid reason why the state should be less privileged as to a new start in pressing the charges."

When the trial court vacated defendant's plea, the posture of the case was as before the rearraignment, a plea of not guilty to an open charge of murder.

Defendant also contends prejudicial hearsay testimony was admitted over objection and that insufficient evidence was introduced to establish that he fired the fatal shot. The alleged prejudicial hearsay was two statements contained in the testimony of a police officer who had arrived at the scene moments after the shooting. The statements complained of, "[S]omeone hollered: 'he is going out the back door now' " and "He said 'I am the one he shot at,' " were part of the *res gestae* and in the nature of spontaneous, excited utterances. The former statement did not refer to Garcia since the testimony was unanimous that he was outside the bar. The second statement was established by other facts and circumstances in the record.

A review of the record indicates sufficient testimony, if believed by the jury, to establish the conviction of the defendant. No reversible error occurred.

Affirmed.

All concurred.