PEOPLE *v.* KEARNS

PEOPLE *v.* O'BRIEN

1. CRIMINAL LAW—VOLUNTARINESS OF PLEA—ASSISTANCE OF COUNSEL.

Opportunity of defendants to discuss their case with their attorneys was sufficient where the attorneys filed their appearance a year and a half before the trial and they were given during that time three trial adjournments; consequently, the trial court did not err in denying defendants a requested fourth adjournment, in giving them 30 minutes to confer with counsel as to whether they wanted a jury trial, and in accepting their plea of guilty.

2. ESCAPE—PLEA OF GUILTY—TRUTH OF PLEA.

Commission of the crime of escape was substantiated before acceptance of a plea of guilty by a colloquy between trial judge and each of the defendants, which established that the defendants left the prison site without first securing a legal discharge (MCLA § 750.193).

3. CRIMINAL LAW—COMPETENCY—SANITY HEARING—PRE-SENTENCE EXAMINATION.

Defendants' challenge to trial court's denial of his motion for a sanity hearing became moot when the court, acting on its own motion, ordered psychiatric examination of defendant before

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 312.
Scope and extent, and remedy or sanctions for infringement, or accused's right to communicate with his attorney.  5 ALR3d 1360.
[2] 21 Am Jur 2d, Criminal Law § 492.
[3] 21 Am Jur 2d, Criminal Law §§ 65, 484–486.
Investigation of present sanity to determine whether accused should be put, or continue, on trial.  142 ALR 961.
Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition.  32 ALR 3d 434.

sentencing, and the trial court did not err in accepting his plea of guilty where the record shows that the court based its determination of defendant's competency on the pre-sentencing psychiatric examination report that defendant was competent.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 June 16, 1970, at Detroit. (Docket Nos. 5,809, 5,810.) Decided July 30, 1970. Leave to appeal denied September 24, 1970. 384 Mich 760.

Charles A. Kearns and Cletus M. O'Brien were convicted, on their pleas of guilty, of escape from prison. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendants on appeal.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

Per Curiam. Defendants pled guilty February 14, 1968 to the charge of escaping from the Detroit House of Correction, MCLA § 750.193 (Stat Ann 1970 Cum Supp § 28.390). On appeal, they allege four errors.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendants contend that the pleas of guilty were not voluntarily entered since they allege that defendants were given insufficient opportunity to discuss the case with their attorneys. Each of the counsel filed their appearances on August 10, 1967. The docket entries indicate that the matter was set for a trial on November 27, 1967, that on November 27, 1967 the matter was adjourned to December 13, 1967 for trial, and again it was adjourned to February 14, 1968. Defendant Kearns requested the court to adjourn the matter, which the court declined to do. The judge then gave each of the defendants a period of 30 minutes to confer with counsel so that they might advise the court whether or not they were going to go to trial on either a jury or nonjury basis. At the conclusion of this period, the court again called the case and asked if they were ready. Each of the defense counsel advised the court that they were ready to proceed to a trial without a jury. Waiver-of-jury-trial forms were signed and thereafter each of the defendants proffered their pleas. In the case of defendant O'Brien counsel specifically stated on the record that the plea was being entered contrary to his advice. The defendant, however, insisted that he desired to plead guilty. We find no merit to the defendants' contention that their pleas of guilty were not voluntarily entered because they were given insufficient opportunity to discuss the case with their attorneys. *People* v. *Gorka* (1969), 381 Mich 515; *People* v. *Degraffenreid* (1969), 19 Mich App 702.

Defendants also argue that their guilty pleas were improperly accepted in that the trial court failed to first substantiate the commission of a crime. The colloquy between the trial judge and each defendant rebuts this contention and establishes the fact that

the defendants left the prison site without first se-
curing legal discharge.

"*The Court:* And is it true that on the 29th of
April you did escape from the House of Correction?
"*Defendant O'Brien:* I left there, yes, sir.
"*The Court:* Did you know that it was against the
law to leave there without being properly dis-
charged?
"*Defendant O'Brien:* Yes.
"*The Court:* All right. The court will accept the
plea of guilty, and refer the matter to the probation
department for a presentence report.

\*          \*          \*

"*The Court:* All right. The information here
charges that on the 29th of April that you at that
time, having been convicted of the crime of assault
with intent to rob being armed, and serving a term
of eight to ten years, escaped from the House of
Correction.

"Did you escape from the House of Correction on
April 29, 1967?
"*Defendant Kearns:* Yes, I did.
"*The Court:* You had no right to leave?
"*Defendant Kearns:* Right.
"*The Court:* All right. The court will accept the
plea of guilty, and refer the matter to the probation
department for a presentence report."

An examination of the record discloses that the
guilty pleas were accepted in conformity with the
standards prescribed by Michigan courts. *People* v.
*Collins* (1967), 7 Mich App 421, 423; *People* v.
*Barrows* (1959), 358 Mich 367.

The last contention was raised solely by defendant
O'Brien. He argues that the trial court erred in
denying his motion for a sanity commission hearing
to determine his competency to stand trial, and in
subsequently accepting his guilty plea notwithstand-
ing. The defense relies on MCLA § 767.27a (Stat

Ann 1970 Cum Supp § 28.966[11]) which provides *inter alia* as follows:

"(1) A person accused of a crime who is incompetent to stand trial shall not be proceeded against while he is incompetent. A person is incompetent to stand trial within the meaning of this section if he is incapable of understanding the nature and object of the proceedings against him, of comprehending his own condition in reference to the proceedings, or of assisting in his defense in a rational or reasonable manner.

"(2) The issue of competence to stand trial may be raised by the prosecuting attorney, defense counsel, by any interested person on leave of the court, or by the court on its own motion. The time and form of the procedure incident to raising the issue of competence shall be provided by court rule.

"(3) Upon a showing that the defendant may be incompetent to stand trial, the court shall commit the defendant in the criminal case to the custody of the center for forensic psychiatry or to any other diagnostic facility certified by the department of mental health for the performance of forensic psychiatric evaluation. The commitment shall be for a period not to exceed 60 days. Within that period the center or other facility shall prepare a diagnostic report and recommendations which are to be transmitted to the committing court.

"(4) Upon receipt of the diagnostic report and recommendations the sheriff shall immediately return the defendant to the committing court and the court shall immediately hear and determine the issue of competence to stand trial. The diagnostic report and recommendations shall be admissible as evidence in the hearing, but not for any other purpose in the pending criminal proceedings."

Section 2 of the statute, *supra,* provides that the procedure incident to raising an issue of competency

to stand trial shall be provided by court rule. This statute was effectuated in 1967; the court rule pertinent thereto was promulgated on May 15, 1969 (GCR 1963, 786). Because this court rule has only prospective effect, *People* v. *Kerridge* (1969), 20 Mich App 184, 191, it was not available to the trial court when it made its determination of a "showing" of incompetency as provided in § 3 of the statute, *supra*. A bare assertion of defendant's incompetency to enter a guilty plea does not, of itself, constitute a sufficient "showing". *United States* v. *Scherk* (ND Cal, 1959), 177 F Supp 793, 800. Rather, the trial court must be presented with information which would raise a "bona fide doubt of the defendant's competency to waive his constitutional rights and plead or to stand trial." *Wolcott* v. *United States* (CA 10, 1969), 407 F2d 1149, 1151; *People* v. *Russell* (1969), 20 Mich App 47. Whatever challenge might have been asserted by the defense to the trial court's denial of its motion for a sanity hearing became moot when the trial court acted on its own motion and ordered a psychiatric examination of defendant O'Brien prior to sentencing. The product of this pre-sentencing examination was summarized by the court:

"*The Court:* Well, with reference to your request, I assume that you are raising a question as to the competency of this defendant to stand trial.

"I think, number one, that it is too late to do that.

"I think, number two, the plea that was taken in this case indicates his competency.

"With reference to his background and record, I have before me a probation report in great detail. I also have a psychiatric evaluation from Dr. Gordon. I also have approximately 50 to 75 pages of evaluation from psychiatrists, psychologists, psychiatric social workers, and others who have dealt with this man when he has been in prison; and the net effect

of all this is that I do not see any basis for claiming that he is incapable of standing trial.

"As I say, it is raised too late. He made a free and voluntary plea. And, disregarding that, I see nothing in this report from Dr. Jeffries, a psychiatric report, from Dr. Gordon, the various doctors and psychiatric social workers, psychologists, and psychiatrists at the State Prison of Southern Michigan that indicate to me that there is any question about his ability to stand trial.

"They clearly show me that he is capable of understanding the nature of the charges that are brought against him, and that he is capable of standing trial.

"So, I feel there is nothing we can do here except proceed with sentencing."

The pre-sentencing psychiatric examination concluded that the defendant was competent to stand trial and enter his plea. We are of the opinion that the conclusion reached by the trial court is adequately supported by the record.

Affirmed.