THE PEOPLE v. DANIEL F. COMSTOCK.

*Asssault with intent to kill—Defence of property.*

A railway employee was sent with a party of men to repair a side track. A man, who claimed that they were coming upon his land, disputed the company's right to do what was proposed, threatened to undo whatever should be done, and in the course of an excited altercation drew a line on the ground where he said his boundary was, pushed the leader of the working party so that he staggered, and then struck him a single blow with a heavy stick and knocked him down.   There was some testimony that the person assailed had raised a shovel as if

to strike the assailant, but this was denied. The assailant acted in hot blood, but apparently supposed that in trying to prevent what was proposed he was defending his rights. *Held* that although the blow was unjustifiable, the evidence would not sustain a charge of assault with intent to kill.

Exceptions from Mecosta. Submitted Oct. 19. Decided October 20.

INFORMATION for assault with intent to kill. Respondent was convicted below. Conviction set aside.

Attorney General *Jacob J. Van Riper* for the People. A bare trespass on property will not justify using a deadly weapon in its defence: *People v. Horton* 4 Mich. 67; one who provokes an assault and kills his assailant is guilty of murder: *State v. Hays* 23 Mo. 287; *State v. Hill* 4 Dev. & Batt. 491; the question of intent is for the jury and is to be established from circumstances: *Maher v. People* 10 Mich. 218; it cannot be shown by the deductions of witnesses: Whart. Ev. §§ 482, 508; *Shepherd v. Willis* 19 Ohio 142; *Gilman v. Riopelle* 18 Mich. 145.

*Frank Dumon, John B. Upton* and *Norris & Uhl* for respondent. Intent cannot be left to presumption: *Simpson v. State* 31 Amer. 5; intent to *kill* merely is insufficient to sustain a charge of an assault with intent to kill and murder: *Wright v. People* 33 Mich. 300; one who is threatened with immediate attack may act as circumstances warrant: *Pond v. People* 8 Mich. 173; *Hurd v. People* 25 Mich. 418; *People v. Doe* 1 Mich. 457; *Patten v. People* 18 Mich. 332; apprehension of serious bodily harm justifies extreme resistance: *Brownell v. People* 38 Mich. 738.

COOLEY, J. The respondent has been convicted of an assault with intent to kill and murder one Nicholas Drew.

It appears from the record that in October, 1881, Drew was in the employ of the Grand Rapids & Indiana Railroad Company and was sent with a party of men to repair what was known as the "Moon Spur" to that road at Big Rapids. This spur is a side track connecting with the Moon mill.

Respondent disputed the right of the company to do what was proposed, and claimed that they were coming upon his land. An altercation took place between him and Drew; the one declaring his intention to proceed, and the other threatening to undo what should be done. In the course of the altercation, which evidently became very warm and excited, respondent, who had just drawn a line on the ground at Drew's feet where he said his boundary was, pushed Drew so that he staggered, and then struck him a blow and knocked him down with a stick he had in his hand. This stick Drew testified looked like the handle to a shovel or some similar implement, but the evidence respecting this was vague. A number of persons witnessed the affray, some of whom testified that before he was struck Drew raised a shovel as if to strike respondent, but others denied this. The above statement of facts is as strong against the respondent as the facts will warrant. Taking the evidence on both sides, it manifestly appears that respondent was acting in supposed defence of his rights when he was endeavoring to prevent what Drew proposed to do. The blow struck by him was unjustifiable, but there was not the slightest ground for supposing that he intended to kill. Excited as he undoubtedly was, he struck but a single blow in heated blood, and there was no attempt by him to follow up the mischief which that blow accomplished. The stick, we are satisfied from the evidence, was not in any proper sense a deadly weapon, and though it may be possible a blow with it might kill a person, this is so extremely improbable that such a result would not be anticipated. There was therefore in the evidence nothing tending to show either an actual intent to kill, or an act purposely done by the defendant likely to produce that result. In other words, the main charge on which the respondent was convicted, was without evidence to support it.

It follows that the conviction must be set aside and a new trial ordered.

The other Justices concurred.