THE PEOPLE v. DANIEL F. COMSTOCK.

*Conviction of crime not charged—Peremptory challenges.*

1. The respondent named in an information can be tried only for the crime charged therein; and if convicted of any other he is acquitted of the crime charged and cannot again be tried on the same information.

55 405
58 609

55 405
j146 ¹266
j146 ¹272
j146 ¹294

2. The number of peremptory challenges to which an accused person is entitled depends in Michigan upon the statute relating to the crime with which he is charged.

Exceptions from Mecosta.   (Fuller, J.)   November 19.— November 20.

ASSAULT with intent to kill.   Conviction set aside.

Attorney General *Van Riper* for the People.

*Frank Dumon* and *Norris & Uhl* for respondent.

CHAMPLIN, J.   At the February [1882] term of the circuit court for the county of Mecosta an information was filed against respondent charging him with making an assault upon Nicholas Drew with intent to murder.   The plea was Not Guilty.   A trial was had and the respondent convicted.   He brought the case to this Court upon exceptions before judgment, and the conviction was reversed.   49 Mich. 330.

The case was again brought on for trial at the February term of the present year.   Upon the impaneling of the jury the respondent claimed the right to thirty peremptory challenges, that being the number allowed by law, under the information filed against him ; and thereupon the court remarked : " It would simplify the case if we knew what the prosecutor claimed in this case,—whether a conviction is claimed for the offense of assault with intent to murder, or only a simple assault."   And thereupon the public prosecutor remarked to the court : " From the evidence in the case, as I understand it, and considering the decision of the Supreme Court upon the former trial, I do not think the evidence would warrant a conviction in this case of the higher crime. I do not expect to try it upon that theory : the people would be satisfied with a conviction for the next lower crime." The court then said : " If the case was tried as charged, it would give the defendant the right to thirty peremptory challenges ; if it is tried upon the other theory, not asking a conviction of the higher crime, they would have a right to but five. While the offense stands as assault with intent to murder, it

is not expected to ask for a conviction of that grade of the offense. The Supreme Court has ruled upon that question, and in fact, sent it back for a new trial on account of the conviction having been had of the higher grade upon the testimony. The case will be tried upon the other theory." And the court added : " As he does not ask for a conviction of a higher crime than that of assault, the respondent would be entitled to only the same number of challenges he would if it was an original action for assault before ever it came up from the lower court." And accordingly the court held that respondent was entitled only to five peremptory challenges, and respondent excepted.

It is too clear for argument that, if respondent was not to be tried for the offense charged in the information, he could not, in that suit, be tried for any other offense. The rights of the respondent were those secured to him by law upon a trial of the offense of which he stood charged. He can only be put upon trial for the crime charged in the information, and his right to the number of peremptory challenges of jurors is limited by the statute applicable to the offense charged against him. It does not lie within the province of the prosecuting officer or the court to abridge the rights of the respondent by trying him for a crime of which he is not accused, and in this case, for an offense not within the jurisdiction of the court to try at all.

The court proceeded to the trial of the respondent, which resulted in a conviction for an assault. The effect of this was to acquit the respondent of the more serious charge of assault with intent to murder, and upon this information he cannot be again tried.

As a consequence, this information cannot serve as the basis of another trial for a simple assault, and the conviction of the respondent must be

Reversed and set aside, and he be discharged.

The other Justices concurred.