## THE PEOPLE v. FRANK KUHN.

*Criminal law—Nolle prosequi—Fugitive from justice—Preliminary examination.*

1. A *nolle prosequi* to an information will not operate as an acquittal where no jury has been impaneled in the case.

1. A person who commits a crime within this State, and withdraws himself from its jurisdiction without waiting to abide the consequences of such act, must be regarded as a "fugitive from justice," against whom an information may be filed under How. Stat. § 9555, without a preliminary examination.

Error to recorder's court of the city of Detroit. (Swift, J.)Argued October 27, 1887. Decided November 3, 1887.

Information for robbery. Conviction affirmed. The facts are stated in the opinion.

*George X. M. Collier* and *Harry F. Chipman,* for respondent.

*Moses Taggart,* Attorney General, and *George F. Robinson,* prosecuting attorney, for the People.

CHAMPLIN, J. Frank Kuhn was convicted in the recorder's court of the city of Detroit on the twenty-first of February, 1882, of assault with intent to commit the crime of rape, and was sentenced to the State house of correction and reformatory, at Ionia. At the time of his conviction there was also an information pending against him in the same court for the crime of robbery.

He was committed to the prison at Ionia, and between one and two months later the prosecuting attorney of Wayne county, of his own motion, entered a *nolle prosequi* to such information for robbery.

About March 1, 1885, Kuhn escaped from prison, and fled to the Dominion of Canada.

In April, 1885, the prosecuting attorney filed a petition in the recorder's court, setting up the facts as above stated, and alleging that said Frank Kuhn was a fugitive from justice, and asked leave on such sworn petition to file an information under section 9555 of Howell's Statutes, which was granted, and such information was filed, containing an allegation that said Frank Kuhn was—

"A fugitive from the justice of the State of Michigan, and is sojourning in the jail of the county of Essex, in the Dominion of Canada, awaiting an examination on a complaint in this matter before an extradition commissioner of said Dominion."

Kuhn was extradited on the charge of robbery, for which the information was filed, and on being arraigned interposed a plea in bar, setting up his conviction and sentence above stated, and commitment, and also that the information filed against him for robbery was *nolle prosequied,* at which time he was serving his time at the State house of correction upon the sentence given upon the conviction for assault with intent to commit a rape, and that he had not been examined upon any charge for any offense since the said *nolle prosequi* was entered.

This plea was overruled and the defendant required to plead to the information, which he refused to do, and thereupon the court ordered a plea of not guilty to be entered. He was tried and convicted. The court thereupon sentenced him to confinement in the State house of correction and reformatory, at Ionia, at hard labor, for the period of five years.

The case is brought here by writ of error.

How. Stat. § 9555, reads as follows:

"No information shall be filed against any person for any offense, until such person shall have had a preliminary exam-

ination therefor as provided by law before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination: *Provided,* however, that informations may be filed without such examination against fugitives from justice; and any fugitive from justice against whom an information shall be filed may be demanded by the Governor of this State of the executive authorities of any other state or territory, or of any foreign government, in the same manner, and the same proceedings may be had thereon, as provided by law in like cases of demand upon indictment filed."

Two questions are raised upon the record:

1. Did the *nolle prosequi* entered operate as an acquittal of Kuhn upon the information filed against him upon the charge of robbery?

2. Was Kuhn at the time the information in this case was filed by leave of court a fugitive from justice within the meaning of the above section?

We think the first question must be answered in the negative. A *nolle prosequi* to an information will not operate as an acquittal where no jury has been impaneled in the case. Upon this the authorities are agreed. 1 Whart. Crim. Law, § 513, and cases in notes; *State v. Lopez,* 19 Mo. 255, 256; *State v. Rust,* 31 Kan. 509 (3 Pac. Rep. 428); *Com. v. Wheeler,* 2 Mass. 172; 1 Bish. Crim. Law, §§ 1014–1016.

The second question must be answered in the affirmative. "A person who commits a crime within a state, and withdraws himself from such jurisdiction without waiting to abide the consequences of such act, must be regarded as a fugitive from the justice of the state whose laws he has infringed." *In re Voorhees,* 32 N. J. Law, 141.

When Kuhn escaped from the prison at Ionia, and fled to Canada, he was a fugitive from the justice of this State. He had committed a crime for which he had not been tried; and it matters not that he had escaped from prison before his sentence had expired, and became a fugitive; he retained his character as such, and his escape formed no obstacle to his extradition and trial for the crime of robbery.

67 MICH.—30.

It is true that he committed another offense by escaping from prison, but a multiplication of crimes for which he may be hereafter punished cannot operate to shield him from being brought to the jurisdiction of the State to stand trial for a crime committed before he escaped from prison and fled from justice. It follows that under the statute no previous examination before a magistrate was required.

There was no error in the record, and the judgment is affirmed.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.