PEOPLE *v* McMILLER

1. CRIMINAL LAW—PLEA OF GUILTY—VACATION OF PLEA—JEOPARDY.
   The vacation of a defendant's guilty plea to a reduced charge,
   because of an insufficient factual basis, puts the defendant
   in the same position that he held before his faulty plea;
   thus, after the defendant's guilty plea to a reduced charge
   is vacated, he can properly be tried for the greater offense.

2. CRIMINAL LAW—SENTENCES—HARSHER SENTENCE.
   A harsher sentence imposed on a defendant who had an earlier
   conviction reversed is permissible where the defendant's new
   conviction is of an offense more serious than the one over-
   turned.

Appeal from Jackson, Charles J. Falahee, J.
Submitted Division 2 November 11, 1972, at Lan-
sing. (Docket No. 9146.) Decided January 24, 1972.
Leave to appeal granted, 387 Mich 775.

Romes McMiller was convicted, on his plea of
guilty, of manslaughter. Defendant appealed. Plea
vacated. Defendant was convicted of second-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *Paula Hosick,* Chief Ap-
pellant Attorney, for the people.

*Robert M. Grover,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 570, 572.

Before: McGregor, P. J., and Fitzgerald and Quinn, JJ.

Per Curiam. Defendant was charged on an open count of murder. In January, 1969, he pled guilty to manslaughter[1] and was sentenced to 10 to 15 years in prison. Defendant appealed that conviction on the grounds that insufficient facts were ascertained during the plea proceedings to support the acceptance of the plea. On the prosecution's confession of error, this Court vacated the plea and remanded. *People* v. *McMiller* (1969), 20 Mich App 309. Defendant was then tried on the open count of murder, was convicted of murder in the second degree,[2] and was sentenced to a term of from 15 to 20 years in prison. From this conviction and sentence defendant now appeals, alleging double jeopardy and attacking the harsher sentence on retrial.

The vacation of the guilty plea put defendant in the same position he held prior to the faulty plea. He was, therefore, properly tried on the open count of murder. *People* v. *Garcia* (1969), 19 Mich App 465; *Ward* v. *Page* (CA10, 1970), 424 F2d 491. In the opinion in *People* v. *Harper* (1971), 32 Mich App 73, a judge of this Court made an applicable statement of law:

"It is simply time for some clear thinking regarding the recently obfuscated nexus between the guilty plea and the jeopardy clause. Those familiar with jeopardy jurisprudence will undoubtedly recognize our reference to the recent opinion of the Sixth Circuit Court of Appeals, *Mullreed* v. *Kropp, supra* [(CA6, 1970), 425 F2d 1095].

"We hereby express total disagreement with the *Mullreed* opinion. It ignores the importance of the

---

[1] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).
[2] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

plea milieu. Compare *Ward* v. *Page, supra*. We agree, rather, with every contention raised on behalf of the State of Michigan in *Mullreed* and think the Sixth Circuit's opinion should not and need not be followed in Michigan. This is especially true with regard to Judge Phillips' characterization of Michigan law appearing at pp 1100, 1102:

" 'We think the conviction and sentence necessarily show that the trial court found an evidentiary concurrence of the elements required for the conviction, otherwise the conviction on the guilty plea would not have been lawful.

* * *

" 'It is apparent that the conviction on the lesser offense requires an affirmative finding that the actor was not armed with a dangerous weapon. This determination necessarily is inconsistent with a concurrent or subsequent finding that he committed robbery while armed.'

"Such is not the State of Michigan's law. For complete explication, see *People* v. *Sylvester Johnson* (1970), 25 Mich App 258.

"Defendant Harper's conviction upon his plea of guilty to the reduced charge of second-degree murder is affirmed."

Again, this Court must reject the rule formulated by the Sixth Circuit in *Mullreed, supra*.

Although the right of appeal is impaired where the record is devoid of any grounds supporting a harsher sentence upon conviction for the same crime after a successful appeal, *People* v. *Mulier* (1968), 12 Mich App 28, *North Carolina* v. *Pearce* (1969), 395 US 711 (89 S Ct 2072, 23 L Ed 2d 656), a harsher sentence is justified where the conviction is for a more serious offense, rather than the same offense. *United States, ex rel. Williams* v. *McMann* (CA2, 1970), 436 F2d 103; *People* v. *Garcia, supra*.

Affirmed.