PEOPLE v McMILLER

OPINION OF THE COURT

1. CRIMINAL LAW—DOUBLE JEOPARDY.

The doctrine of double jeopardy has proper application where the people attempt to retry a defendant for the same offense.

2. CRIMINAL LAW—IMPLIED ACQUITTAL—VERDICT—LESSER INCLUDED OFFENSE—PLEA OF GUILTY—CONVICTION.

The doctrine of implied acquittal by a jury's verdict convicting the defendant of a lesser included offense is not properly applicable to a guilty plea conviction.

3. TRIAL—CRIMINAL LAW—PLEA OF GUILTY.

A trial is an adversary procedure; taking a plea of guilty is not an adversary procedure.

4. CRIMINAL LAW—CONVICTION—APPEAL AND ERROR.

A conviction can be set aside only for an error in the procedure whereby it was effected.

5. CRIMINAL LAW—CONVICTION—HIGHER OFFENSE—LESSER OFFENSE—DOUBLE JEOPARDY—AUTREFOIS ACQUIT.

Policy reasons forbid adversary procedure to expose a person to conviction for a higher offense when the independent fact finder has chosen to find him guilty of a lesser offense; this policy is expressed in terms of "double jeopardy" although strictly speaking this is an extension of the doctrine of *autrefois acquit.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 182 *et seq.*

[2, 6, 7, 13] 21 Am Jur 2d, Criminal Law § 494.

[3, 8, 16–19] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

[4, 14, 15] 21 Am Jur 2d, Criminal Law §§ 533, 572.

[5, 8] 21 Am Jur 2d, Criminal Law §§ 185–187.

[9] 21 Am Jur 2d, Criminal Law §§ 509, 510.

[10, 12, 19] 21 Am Jur 2d, Criminal Law § 496.

[11, 12] 21 Am Jur 2d, Criminal Law §§ 185–188, 190.

6. CRIMINAL LAW—PLEA OF GUILTY—CONVICTION—LESSER OFFENSE—
   APPEAL AND ERROR—STATUTES—COURT RULES.

   Allowing trial on a higher charge following reversal of a plea-
   based conviction of a lesser offense would (1) discourage exer-
   cise of the defendant's right to appeal a conviction claimed to
   be based on an improperly accepted plea, and (2) tend to
   insulate from appellate scrutiny noncompliance with the guilty
   plea procedure established by the statute and court rule (MCLA
   768.35; GCR 1963, 785.3).

7. CRIMINAL LAW—PLEA OF GUILTY—LESSER OFFENSE—DISTRICT AND
   PROSECUTING ATTORNEYS.

   The prosecutor, by agreeing to a plea to a lesser offense, thereby
   vouches that the ends of justice will be served by accepting a
   plea of guilty to that offense.

8. CRIMINAL LAW—PLEA OF GUILTY—HIGHER OFFENSE.

   Upon the acceptance of a plea of guilty, as a matter of policy, the
   state may not thereafter charge a higher offense arising out of
   the same transaction.

9. CRIMINAL LAW—PLEA OF GUILTY—SETTING ASIDE CONVICTION.

   A conviction upon a plea of guilty will stand, if the prescribed
   guilty plea procedure is observed in taking the plea; if the
   procedure is not observed, the conviction will be set aside and
   the defendant ordered tried on the charge to which the plea
   was offered.

10. HOMICIDE—VERDICT—MURDER—MANSLAUGHTER.

    A jury, having found the defendant guilty of murder, has neces-
    sarily found the elements establishing his guilt of the lesser
    offense of manslaughter (MCLA 750.317, 750.321).

### DISSENTING OPINION

### T. E. BRENNAN and M. S. COLEMAN, JJ.

11. HOMICIDE—MURDER—MANSLAUGHTER—ACQUITTAL—NEW TRIAL.

    *Upon a trial for murder, conviction of manslaughter operates as
    an acquittal of the murder charge and upon a new trial, the
    defendant cannot be convicted of the higher offense.*

12. HOMICIDE—MURDER—MANSLAUGHTER—PLEA OF GUILTY—JEOP-
    ARDY—CONSTITUTIONAL LAW.

    *Defendant who pled guilty to manslaughter was never in jeop-
    ardy, never in danger, never exposed, in the constitutional
    sense, to a conviction of murder.*

13. CRIMINAL LAW—PLEA OF GUILTY—LESSER OFFENSE—VERDICT—ACQUITTAL.

*A plea of guilty, unlike a verdict, does not operate as an implied acquittal of higher offenses; it cannot be said that a defendant has impliedly acquitted himself of the higher charge by his plea to the lesser offense.*

14. CRIMINAL LAW—LESSER OFFENSE—DOUBLE JEOPARDY—FORFEITURE —APPEAL AND ERROR.

*The jury-tried defendant should not be required to barter away his double jeopardy defense to the higher charge as the price of appealing the lesser conviction; to require its surrender, is to ask a price or forfeiture.*

15. CRIMINAL LAW—PLEA OF GUILTY—DOUBLE JEOPARDY—FORFEITURE —APPEAL AND ERROR—VACATING PLEA.

*The plea-convicted defendant has not earned his double jeopardy defense to the higher charge; it· has no independent basis and no vitality apart from the guilty plea conviction; it is not forfeited as the price of appeal; a successful appeal is rather the agency of its destruction because the vacated guilty plea was the cornerstone of its existence.*

16. CRIMINAL LAW—PLEA OF GUILTY—TRIAL—ARRAIGNMENTS—COURT RULES.

*Proceedings upon a guilty plea are not trials in any sense of the word; they are, rather, arraignments, as clearly shown by a subtitle and· the language of a court rule providing for the procedure on arraignment (GCR 1963, 785.3).*

17. CRIMINAL LAW—PLEA OF GUILTY—STATUTES—COURT RULES—ARRAIGNMENTS—COURTS—JURISDICTION.

*Statute requiring judicial investigation into the truth of a guilty plea and court rule on arraignment do not vest a court with any jurisdiction to find a defendant guilty upon a higher charge (MCLA 768.35; GCR 1963, 785.3[2]).*

18. CRIMINAL LAW—INFORMATIONS—DISMISSAL—EVIDENCE—ACQUITTAL—JEOPARDY—PLEA OF GUILTY.

*General rule is that where a criminal information is dismissed before a jury has been sworn, or evidence taken thereon, the dismissal is not an acquittal and the defendant is not regarded as having been in jeopardy thereon; there is no reason to apply a different rule merely because simultaneously with the dismissal a plea of guilty is entered upon a lesser offense.*

19. Homicide—Murder—Manslaughter—Plea of Guilty—Bar to
    Prosecution—Acquittal—Same Offense.
    *As long as a defendant's plea-based conviction for manslaughter
    remained, it was a bar to prosecution for murder not because
    he had been impliedly acquitted of murder, but because he
    stood convicted of manslaughter arising out of the same homi-
    cide.*

Appeal from Court of Appeals, Division 2, Mc-
Gregor, P. J., and Fitzgerald and Quinn, JJ., af-
firming Jackson, Charles J. Falahee, J. Submitted
January 4, 1973. (No. 8 January Term 1973,
Docket No. 53,925.) Decided June 18, 1973.

38 Mich App 99 reversed.

Romes McMiller was convicted, on his plea of
guilty, of manslaughter. Defendant appealed to the
Court of Appeals. Reversed and remanded. Defend-
ant was convicted of second-degree murder. De-
fendant appealed to the Court of Appeals. Af-
firmed. Defendant appeals. Reversed, conviction of
murder set aside, amended to conviction of man-
slaughter and remanded for resentencing thereon.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *Richard A. Cooley, Jr.,*
Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Richard S.
McMillin,* Assistant Defender), for defendant on
appeal.

*Amicus Curiae:* Prosecuting Attorneys Associa-
tion of Michigan (by *James K. Miller,* Prosecuting
Attorney, *Bruce A. Barton,* Prosecuting Attorney,
*Edward G. Durance,* Prosecuting Attorney,
*Thomas G. Plunkett,* Prosecuting Attorney,
*Thomas R. Lewis,* Director Prosecuting Attorneys

Appellate Service *[William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Edward R. Wilson,* Assistant Prosecuting Attorney, of counsel]).

T. G. KAVANAGH, J. We granted leave in this case and the case of *People v Wolff* to consider the implications of the setting aside of a plea of guilty to a lesser offense and putting the defendant on trial for a higher offense.

The facts are not complicated.

On November 14, 1968, defendant was charged with the murder of John "Junior" Watson. On January 13, 1969, defendant pled guilty to the lesser offense of manslaughter. He was sentenced to serve a term of 10–15 years in prison on January 28, 1969.

Defendant appealed his conviction, and the Court of Appeals reversed.[1] Thereupon, defendant was charged, tried, and convicted of murder. On February 27, 1970, defendant was sentenced to 15–20 years in prison. The Court of Appeals affirmed,[2] basing its decision on that Court's holding in *People v Harper,* 32 Mich App 73 (1971) and quoting from one of the opinions in that case which it mistakenly characterized as the majority opinion.

That opinion was contrary to and critical of the holding in *Mullreed v Kropp,* 425 F2d 1095 (CA 6, 1970).

The Court of Appeals' reliance on *Harper* as authority appears questionable in light of our grant of leave in that case, although the appeal to our Court was later dismissed on stipulation of the parties.

[1] 20 Mich App 309 (1969).
[2] 38 Mich App 99 (1972).

On April 24, 1973 in *Rivers v Lucas,* 477 F2d 199 (CA 6, 1973) the United States Court of Appeals for the Sixth Circuit reiterated its holding in *Mullreed, supra.* The Court said at p 202:

"We affirm that there is implicit in a court's acceptance of a plea to an included lesser offense a determination that the right to prosecute the defendant on the more serious offense with which he is charged has been relinquished. The effect of the entire transaction, for double jeopardy purposes, is the equivalent of a jury's refusal to convict on the more serious charge. Only if this is true may a defendant seek review of his conviction without being faced with the 'incredible dilemma' of choosing between a legal right of appeal and the possibility that success will revive the hazard of conviction of a charge which the prosecution has willingly abandoned in exchange for his plea. Mullreed v Kropp, *supra,* at 1102. The continuation principle of jeopardy makes it possible for appellee Rivers to be tried again for the same offense of which he was convicted by his guilty plea (manslaughter), but his successful appeal did not open the way for him to be once again subjected. to the risk of prosecution for murder."

While we are in total agreement with the result reached in *Rivers* and *Mullreed,* we are in respectful disagreement with the stated reason therefor.

The doctrine of double jeopardy has proper application where the people attempt to retry a defendant for the same offense.

The doctrine of implied acquittal by a jury's verdict convicting the defendant of a lesser included offense, in our view, is not properly applicable to a guilty plea conviction.

*Green v United States,* 355 US 184; 78 S Ct 221; 2 L Ed 2d 199 (1957) explains the theory of "implied acquittal" on a jury's verdict. The Court said (p 190):

"Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder."

But we find those considerations absent in this case.

McMiller was never in peril of being convicted and punished for murder. He has not "run the gantlet" on that charge.

Unlike a jury trial, a choice was not offered to the independent fact finder to find him guilty of murder, first or second, or manslaughter. It is this "choice" of the fact finder that provides the basis for the implication of acquittal. It is the exposure to it that puts one in "jeopardy".

A trial is an adversary procedure. Taking a plea of guilty is not an adversary procedure.

The result is the same—conviction, and so long as that conviction stands, the effect is identical. A conviction can be set aside only for an error in the procedure whereby it was effected. Logic would say that a defective procedure is a nullity, and hence would dictate that we start all over with a clean slate. But we do not do so in all cases.

As we have seen, for *policy reasons* we forbid adversary procedure to expose a person to conviction for a higher offense when the independent fact finder has chosen to find him guilty of a lesser offense. We express this policy in terms of "double jeopardy" although strictly speaking this is an extension of the doctrine of *autrefois acquit.*

Among the considerations in formulating a pol-

icy regarding prosecutions following the successful appeal of a plea-based conviction, there are two we find overriding which impel us to our decision:

Allowing trial on a higher charge following reversal of a plea-based conviction of a lesser offense would (1) discourage exercise of the defendant's right to appeal a conviction claimed to be based on an improperly accepted plea, and (2) tend to insulate from appellate scrutiny non-compliance with the guilty plea procedure established by the statute and the court rule.

We, the Bench and Bar of Michigan, have invested untold hours of effort in an attempt to devise a rule for the taking of guilty pleas which will fairly and finally dispose of over 75% of our criminal cases. In the latest amendment to our court rule dealing with this subject[3] we have detailed certain steps necessary to the proper taking of a guilty plea and provided that failure to follow the rule will constitute reversible error. We intend thereby to assure the corollary that observance of the rule will result in unassailable conviction.

We recognize that a prosecutor's willingness to allow an accused person to plead to a lesser offense is generally predicated on the assumption that the accused will, upon acceptance of a plea of guilty, stand convicted and will be sentenced for the lesser offense. We also recognize that the rule we adopt means that a successful appeal from a plea-based conviction for a lesser offense defeats that legitimate expectation, deprives the prosecutor of leverage he otherwise would have in further plea bargaining upon reprosecution, may well, therefore, burden the prosecutor with the need to prove his case at a trial and at the same time limits the

---

[3] GCR 1963, 785.1 *et seq.*, eff 6/1/73.

people to a conviction less than the proofs may justify.

We balance these considerations against the danger that reprosecuting on higher charges those who successfully appeal from plea-based convictions and imposition of sentence based on the higher charge, will cause convicted persons to forego legitimate appeals and thereby encourage a return to practices which the carefully worked out guilty-plea procedures are designed to obviate.

The prescribed procedure for taking a guilty plea can readily be observed. Compliance in every case with the prescribed procedure is, we are convinced, essential to the integrity of the plea-taking process. We are also convinced that a rule limiting reprosecution to the lesser offense will tend to reduce the number of meritorious appeals —a successful appeal from a guilty-plea-based conviction is likely to become a rarity. Thereby—because they are without merit—appeals from guilty pleas will properly be discouraged.

As between placing a premium on compliance with the prescribed guilty-plea procedure in the literally tens of thousands of cases a year where pleas are offered, accepted and sentences imposed, and limiting the scope of reprosecution in the relatively few—particularly if we adopt this rule— cases where appeals are likely to be successful, we are convinced that the administration of justice will be better served by the choice we have made.

By agreeing to a plea to a lesser offense the prosecutor thereby vouches that the ends of justice will be served by accepting a plea of guilty to that offense. We perceive, therefore, even in the relatively few cases where defendants will succeed on appeal in setting aside a guilty-plea-based conviction, no erosion of law enforcement in the rule we adopt.

A prosecutor can protect himself against being forced to try a defendant on a lesser offense by calling the attention of the judge, before he accepts a plea of guilty, to any failure to comply with the prescribed procedure for taking such a plea.

For these reasons we hold that upon the acceptance of a plea of guilty, as a matter of policy, the state may not thereafter charge a higher offense arising out of the same transaction.

If the prescribed guilty plea procedure is observed in taking the plea, the conviction will stand. If the procedure is not observed, the conviction will be set aside and the defendant ordered tried on the charge to which the plea was offered.

The jury in this case, having found the defendant guilty of murder, has necessarily found the elements establishing his guilt of the lesser offense of manslaughter.[4] For the reasons set forth herein, the conviction of murder is set aside, the judgment of conviction is amended to show that the defendant is convicted of manslaughter, and the cause is remanded for resentencing on the manslaughter conviction.

T. M. KAVANAGH, C. J., and SWAINSON and WILLIAMS, JJ., concurred with T. G. KAVANAGH, J.

T. E. BRENNAN, J. *(dissenting)*. Defendant was charged with murder. He pled guilty to the lesser and included offense of manslaughter on January 13, 1969, and was sentenced to a term of 10 to 15 years in prison.

Appeal was taken by the defendant from that guilty plea conviction. The people confessed error

---

[4] *People v Morrin,* 31 Mich App 301 (1971); *Austin v United States,* 127 US App DC 180; 382 F2d 129 (1967).

and the Court of Appeals reversed the conviction in *People v McMiller,* 20 Mich App 309 (1969).

Thereafter, the defendant was re-arraigned on the original information charging murder. A jury trial resulted in a conviction of second-degree murder and defendant was sentenced on February 27, 1970, to a term of 15 to 20 years in prison.

Defendant appealed, claiming double jeopardy, and attacked the higher sentence, citing *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

The Court of Appeals affirmed, taking issue with *Mullreed v Kropp,* 425 F2d 1095 (CA 6, 1970), and holding the harsher sentence justified where the second conviction was for a more serious offense. 38 Mich App 99 (1972).

The Prosecuting Attorneys Association of Michigan has filed an Amicus Curiae Brief.

It is conceded that upon a trial for murder, conviction of manslaughter operates as an acquittal of the murder charge, *People v Knapp,* 26 Mich 112 (1872); *People v Comstock,* 55 Mich 405 (1884); *Green v United States,* 355 US 184; 78 S Ct 221; 2 L Ed 2d 199 (1957), and upon a new trial, the defendant cannot be convicted of the higher offense.

*Green v United States, supra,* gives two reasons for the rule. The first is based upon the theory of implied acquittal. The *Green* Court said:

"Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded

the jury's verdict as an implicit acquittal on the charge of first degree murder." (p 190.)

The second reason is founded in the Court's concern for the chilling effect of attaching a forfeiture or disadvantage to the exercise of a constitutional right.

"Reduced to plain terms, the Government contends that in order to secure the reversal of an erroneous conviction of one offense, a defendant must surrender his valid defense of former jeopardy not only on that offense but also on a different offense for which he was not convicted and which was not involved in his appeal. Or stated in the terms of this case, he must be willing to barter his constitutional protection against a second prosecution for an offense punishable by death as the price of a successful appeal from an erroneous conviction of another offense for which he has been sentenced to five to twenty years' imprisonment. As the Court of Appeals said in its first opinion in this case, a defendant faced with such a 'choice' takes a 'desperate chance' in securing the reversal of the erroneous conviction. The law should not, and in our judgment does not, place the defendant in such an incredible dilemma. Conditioning an appeal of one offense on a coerced surrender of a valid plea of former jeopardy on another offense exacts a forfeiture in plain conflict with the constitutional bar against double jeopardy." (pp 193–194.)

Neither of these reasons apply in the case at bar, where the former, vacated conviction is based upon the defendant's plea of guilty to a specific included offense.

At no time did this defendant, McMiller, "run the gantlet" on the charge of murder. At no time was any judge or jury "given the choice between finding him guilty of either first or second degree murder" or manslaughter. Because he pled guilty to manslaughter, this defendant was never in

jeopardy, never in danger, never exposed, in the constitutional sense, to a conviction of murder.

A plea of guilty, unlike a verdict, does not operate as an implied acquittal of higher offenses. In the case of a verdict, it is the choice of the jury which gives rise to the implied acquittal. But a plea of guilty is made by the defendant himself. It cannot be said that he has impliedly acquitted himself of the higher charge by his plea to the lesser offense.

Similarly, the rationale of the chilling effect of retrial upon the higher offense is inapplicable in the case of an appeal from a guilty plea.

Unlike the jury-tried defendant, the plea-convicted defendant has not purchased his claim of double jeopardy at the price of anxiety. He has not waited, wondering, while a jury deliberated his fate.

Indeed, his only claim to a defense of double jeopardy stems from his own words of admission. The only "choice," or "desperate chance", or "incredible dilemma" he faces is the precise set of alternatives which confronted him before he entered his plea of guilty in the first place.

The jury-tried defendant should not be required to barter away his double jeopardy defense to the higher charge as the price of appealing the lesser conviction. He has earned that defense. It is his. To require its surrender, is to ask a price or forfeiture.

But the plea-convicted defendant has not earned his double jeopardy defense to the higher charge. He holds it only conditionally as a necessary concomitant of his plea-based conviction. It has no independent basis; no vitality apart from the guilty plea conviction. It is not forfeited as the price of appeal; a successful appeal is rather the

agency of its destruction because the vacated guilty plea was the cornerstone of its existence.

Practical considerations abound. It is everywhere acknowledged that the disposition of criminal charges upon pleas of guilty is essential to the orderly administration of justice. It is also acknowledged in most places that appellate challenges to guilty pleas have multiplied intolerably.

The dismissal of higher charges contemporaneously with the entry of pleas to lesser offenses is a daily occurrence. The practice is called plea bargaining. Whatever its shortcomings, plea bargaining is the result of the needs, the desires, and the decisions of practical men on both sides of the adversary criminal process.

The rule of *Mullreed v Kropp, supra,* destroys the balance at the plea bargaining table. It holds out to a defendant the opportunity, through appellate review, to obtain the benefit of his bargain while avoiding the natural consequence thereof.

*Mullreed* was a hard case, to be sure. The Circuit Court of Appeals took care in its recitation of facts to suggest that the prosecuting attorney had overcharged the defendant in the first instance; that the plea was coerced under threat of incarceration without bail and without speedy trial; that a codefendant received a very minimal sentence, while Mullreed was treated sternly:

"A week later both of the defendants had an 'interview' with the State Prosecutor, at which time the Prosecutor informed them that he had some doubts as to whether a chair would constitute a dangerous weapon for purposes of the armed robbery statute. For that reason he said he was adding a second count to the information, a lesser offense, 'robbery unarmed.' After explaining this charge and the penalties, the Prosecutor told both defendants that there would be no jury in the Jackson County Circuit Court for three months; that

unless defendants could furnish bail they would have to
remain in jail until then and would be prosecuted on
the 'robbery armed' count with the second count added.

"Both men agreed to plead guilty to 'robbery un-
armed.' When taken before the Court Passow re-
nounced his decision. He later obtained counsel, went
before a different judge and received a sixty day sen-
tence. Mullreed, however, stuck by his agreement and
pleaded guilty. The plea was accepted by the Court, and
he was sentenced to serve ten to fifteen years in the
state prison." (pp 1096–1097.)

But none of these unhappy considerations bear
upon the question of whether a plea of guilty to a
lesser included offense operates as an implied ac-
quittal of the higher charge.

To reach that conclusion, it was necessary for
the Circuit Court of Appeals on two occasions to
refer to the arraignment at which the defendant
pleaded guilty as "a trial to the court" and a "non-
jury trial".

It was also necessary for the Circuit Court of
Appeals to conclude that the requirement in our
state of judicial investigation into the truth of a
guilty plea, MCLA 768.35; MSA 28.1058; GCR
1963, 785.3(2), constituted an affirmative finding
upon the elements of the lesser offense, so as to
operate as an implied acquittal of the more serious
charge.

Both of these conclusions are at variance with
Michigan law and practice. Proceedings upon a
guilty plea are not trials in any sense of the word.
They are, rather, arraignments, as clearly shown
by the subtitle of GCR 1963, 785.3, and the lan-
guage of the rule.

Nor do the aforementioned statutes and court
rule vest the court with any jurisdiction to find the
defendant guilty upon the higher charge. There is
no "refusal to convict on the greater" offense, from

which any implication of acquittal can flow. Since the defendant cannot complain of a plea taken to an offense less than actually committed, *People v Collins,* 380 Mich 131 (1968), the statutory inquiry need determine only his minimum guilt. The general rule is that where a criminal information is dismissed before a jury has been sworn, or evidence taken thereon, the dismissal is not an acquittal. The defendant is not regarded as having been in jeopardy thereon. *People v Kuhn,* 67 Mich 463 (1887).

There is no reason to apply a different rule merely because simultaneously with the dismissal a plea of guilty is entered upon a lesser offense.

As long as the defendant's plea-based conviction for manslaughter remained, it was a bar to prosecution for murder.

This is not because the defendant had been impliedly acquitted of murder, but because he stood convicted of manslaughter arising out of the same homicide.

In *Green v United States, supra,* the Court reasoned that the defendant was entitled to the benefit of the plea of *autrefois acquit* or former acquittal stemming from the jury's implied acquittal of first-degree murder.

Were this defendant McMiller to have been charged with murder, while his manslaughter conviction remained, his defense would have been *autrefois convict* or a former conviction resting upon the same identical act or crime. *People v Gault,* 104 Mich 575 (1895); *People v Beverly,* 247 Mich 353 (1929).

The conviction is affirmed.

M. S. Coleman, J., concurred with T. E. Brennan, J.

Levin, J., did not sit in this case.