THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BENNIE L. DUGAN, Defendant-Appellee.

(No. 72-276; )

Fifth District—November 26, 1973.

Robert H. Rice, of Belleville, (James W. Jerz and Edward N. Morris, of Model District State's Attorneys Office, of counsel,) for the People.

Robert E. Farrell, Deputy Defender, of Mount Vernon, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal by the State from the order of the Circuit Court of St. Clair County dismissing an indictment for murder on the grounds that a previous guilty plea to the lesser offense of voluntary manslaughter constituted a bar to any further prosecution on the murder charge even though, on appeal by defendant, the manslaughter conviction was reversed and remanded.

Defendant was originally indicted for murder on September 10, 1970. Pursuant to agreement, a plea to voluntary manslaughter was accepted and defendant was sentenced to the penitentiary for a term of not less than four nor more than five years. On defendant's subsequent appeal his conviction was set aside and the cause remanded for failure of the

trial court to determine a factual basis for the plea as required by Supreme Court Rule 402(c) (Ill. Rev. Stat., ch. 110A, par. 402(c)). When defendant refused an opportunity to replead pursuant to the initial agreement, the State obtained a new indictment for murder, and on arraignment, defendant entered a plea of not guilty. Thereafter a motion to dismiss the second indictment on the grounds of former jeopardy was allowed, and, over the objection of the State, defendant was permitted to plead guilty to manslaughter under the original indictment. Sentence was then imposed to time already served.

The court based its decision on the rule that where a defendant is indicted and is subjected to trial on a charge of murder but is convicted only of the lesser included offense of manslaughter, such conviction constitutes an implied acquittal of the murder charge barring any further prosecution therefor on the grounds of former jeopardy. *People v. Newman,* 360 Ill. 226; *People v. Adams,* 113 Ill.App.2d 205; *People v. Bolden,* 103 Ill.App.2d 377; *Green v. United States,* 355 U.S. 184, 2 L.Ed.2d 199, 78 S.Ct. 221.

The State contends that this rule does not meet the issue presented in this case. It is argued that the application of the rule is conditioned upon the existence of its premise, *i.e.,* that the defendant shall have been subjected to trial on the murder charge so that jeopardy attached, thereby precluding further prosecution for murder. Here, no jury had been empanelled and sworn as is required for jeopardy to attach in a jury case (*O'Donnell v. People,* 224 Ill. 218); nor had the court started to hear evidence as is required for jeopardy to attach in a nonjury case (*People v. Laws,* 29 Ill.2d 221). Instead, the defendant tendered and the court merely accepted his proffered plea to voluntary manslaughter. Under such circumstances defendant was never placed in jeopardy on the murder charge, and therefore, having never been exposed to the danger of a conviction of murder, he is not entitled to the protection of the principle of prior jeopardy; nor can it be said that he was impliedly acquitted of murder. To the contrary, the State says, defendant's successful appeal of his conviction placed him in no different position than that which he held prior to his faulty plea, or no different than that position he would have held had he requested and been granted permission to withdraw his plea, and, therefore, no reason exists to preclude his subsequent prosecution for murder. (*People v. McMiller,* 38 Mich. App. 99, 195 N.W.2d 801; *People v. Harper,* 32 Mich. App. 73, 188 N.W.2d 254; *People v. Thompson,* 10 Cal. App. 3d 129, 88 Cal. Rptr. 753; *State v. Stacy,* 43 Wash. 2d 358, 261 P.2d 400; *Ward v. Page* (10th Cir.) 424 F.2d 491.

We find the State's reasoning persuasive and were it not that the law

on the subject is specifically spelled out by statute we would have no difficulty in concluding that under the facts here involved further prosecution of defendant on the original charge of murder would not be barred.

However, though not brought to our attention by either party, we find that sec. 3—4(a), ch. 38, Ill. Rev. Stat., provides among other things that, "A conviction of an included offense is an acquittal of the offense charged"; and that sec. 2—5, ch. 38, defines "conviction" as meaning "* * * a judgment of conviction or sentence entered upon a plea of guilty * * *". Such clear and unambiguous language leaves no room for debate or interpretation, and accepting said provisions as the applicable law in Illinois we have no alternative but to find that defendant's original plea of guilty to the lesser included offense of voluntary manslaughter constitutes an acquittal of the original charge of murder, and any further prosecution therefor is barred.

The judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

EBERSPACHER, P. J., and G. MORAN, J., concur.