THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN McCUTCHEON, Defendant-Appellant.

Fourth District   No. 12883

Opinion filed September 2, 1976.

TRAPP, P. J., specially concurring.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On August 31, 1971, defendant John McCutcheon was indicted by the grand jury of Livingston County for the felony of indecent liberties with a child (Ill. Rev. Stat. 1969, ch. 38, par. 11—4) and the misdemeanor of contributing to the sexual delinquency of a child (Ill. Rev. Stat. 1969, ch. 38, par. 11—5). Both counts of the indictment were based on the same conduct—a single act of intercourse with a 15-year-old girl. On July 17, 1973, as the result of plea negotiations, defendant pled guilty to the count charging him with contributing to the sexual delinquency of a child, and the count charging him with indecent liberties with a child was dismissed *nolle prosequi*. He was sentenced to one year in the penitentiary.

Subsequently on January 7, 1974, this court vacated defendant's guilty plea on the ground that the requirements of Supreme Court Rule 402 had not been met and remanded the cause with directions permitting defendant to plead anew. The trial court allowed the indecent liberties count to be reinstated by the prosecution, and after a jury trial defendant was found guilty of both offenses.

At the sentencing hearing held on August 23, 1974, the State conceded that defendant could not receive a greater sentence than the one year term that had been imposed upon entry of the guilty plea on the misdemeanor charge, and defendant was sentenced to 364 days with no credit for time served after the guilty plea was vacated. Judgment was entered, however, on both counts.

Defendant appeals the conviction for indecent liberties, arguing that the trial court erred in allowing the indecent liberties count to be reinstated. In support of this claim defendant makes the following contentions:

(1) Reinstatement of the indecent liberties charge was barred by the double jeopardy provisions of the Illinois Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 3—4);

(2) Entry of judgment on the felony charge violated the resentencing provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—4) and deprived defendant of due process of law; and

(3) Under Illinois law charges which have been dismissed *nolle prosequi* may not be reinstated.

We first consider defendant's contention that reinstatement of the indecent liberties count was barred by the Illinois double jeopardy statute because his plea of guilty to the offense of contributing to sexual delinquency operated as an acquittal of the offense of indecent liberties. The statute provides that a defendant may not be reprosecuted for an offense if a former prosecution for the same offense "[r]esulted in either a conviction or an acquittal." (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(a)(1).) The statute also states that "[a] conviction of an included offense is an acquittal of the offense charged." (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(a).) It is undisputed that as applied to the facts of the instant case the misdemeanor of contributing to sexual delinquency is a lesser included offense of the felony of indecent liberties. The question at issue is whether "conviction of an included offense" means a judgment entered on a plea of guilty to an included offense.

Defendant argues that the general definition of "conviction" set forth in section 2—5 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 2—5) is applicable. That section of the Criminal Code defines "conviction" to include a "judgment of conviction or sentence entered upon a plea of guilty." The view that this definition of "conviction" applies is supported by the Committee Comments to subsection (a) of the double jeopardy statute, which refer to the section 2—5 definition of "conviction" and further state that "[a] 'conviction' occurs when the court renders judgment upon a plea of guilty or upon a verdict or finding of guilty." (Committee Comments, Ill. Ann. Stat., ch. 38, par. 3—4 (Smith-Hurd 1972).) The Comments make no indication that a different definition applies when an included offense is involved. While there is merit in the State's argument that a plea of guilty to an included offense should not act as an acquittal on the greater offense for double jeopardy purposes because there has been no opportunity for the trier of fact to find the defendant guilty of the greater offense, the clear and unambiguous language of the statute leaves no room for a different interpretation. In the only other decision to consider this question, *People v. Dugan*, 15 Ill. App. 3d 1071, 305 N.E.2d 308, the court applied the section 2—5 definition of "conviction" and held that the double jeopardy statute prevented

reprosecution for murder of a defendant whose previous plea to the included offense of voluntary manslaughter had been set aside as violating Rule 402.

The State also argues that if the double jeopardy statute is interpreted to bar reinstatement of the indecent liberties count, it is in conflict with the recent amendment to Supreme Court Rule 605. Rule 605(b), which became effective on July 1, 1975, now provides that when sentencing a defendant upon a plea of guilty the trial court must advise him that if the guilty plea and judgment are later vacated, any charges that may have been dismissed as part of a plea agreement may be reinstated. However, the new Supreme Court Rule may be reasonably interpreted to avoid conflict. The Rule simply sets forth a blanket requirement that all defendants pleading guilty be given a warning about possible reinstatement of other charges if the guilty plea is vacated. There is nothing in the Rule which indicates that it is meant to change any of the established rules on double jeopardy or that the trial court is to make a determination that reinstatement would not be barred by double jeopardy before giving the warning.

Since we rule that reinstatement of the indecent liberties count was barred by the double jeopardy statute, we need not consider defendant's other contentions. The judgment of conviction for indecent liberties with a child is reversed.

Reversed.

SIMKINS, J., concurs.

Mr. PRESIDING JUSTICE TRAPP, specially concurring:

Concurring in the opinion, I do not agree however with the language of this court's response to the argument made that it was proper to reinstate the felony charge by analogy to the provisions of Supreme Court Rule 605(b). The case was remanded to the trial court for an error in law and the reinstatement of the felony count exceeded the terms of the remanding order. *People v. Bain* (1973), 10 Ill. App. 3d 363, 293 N.E.2d 758; *People v. Dukett* (1975), 33 Ill. App. 3d 863, 338 N.E.2d 487.

In terms of the Rule, the sole basis for the vacation of a conviction and sentence lies in the granting of defendant's motion to withdraw his plea. Following allowance of such motion there is, in the trial court, no judgment of conviction which has been accepted by the trial court within the terms of section 3—4(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(a)).

A reversal or vacation of judgment and remand with directions following an appeal does not return the parties to the status or position

300

that they occupied in the trial court prior to the entry of the plea. Rather, the conviction as defined in section 2—5 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 2—5) remains in the trial court subject to the directions stated in the remanding order.